<p>

<span style="color:blue">Case 06-20152   Document 12-1   Filed in TXSB on 03/07/06   Page 1 of 8</span>

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| DAVIS PETROLEUM CORPORATION, | § § | CASE NO. _____ |
| DAVIS OFFSHORE LP and | § § | CASE NO. _____ |
| DAVIS PETROLEUM PIPELINE LLC, | § § | CASE NO. _____ |
| DEBTORS | § § § | JOINTLY ADMINISTERED UNDER CASE NO. _____ |

AFFIDAVIT OF NATHANIEL PETER HOLZER AND
DISCLOSURE OF COMPENSATION
PURSUANT TO 11 U.S.C. § 329
AND FED. R. BANKR. P. 2014(a) AND 2016(b)

STATE OF TEXAS        §
                      §
COUNTY OF NUECES      §

NATHANIEL PETER HOLZER, being duly sworn, deposes and says:

1. "My name is Nathaniel Peter Holzer. I am over the age of 21 years, am competent to make this Affidavit, and I have personal knowledge of the facts as stated in this Affidavit.

2. "I am a shareholder in the Firm of Jordan, Hyden, Womble, Culbreth & Holzer, P.C. ("the Firm"), a professional corporation with its principal place of business at 500 N. Shoreline Blvd., Suite 900, Corpus Christi, Texas 78471. I submit this Affidavit in support of the Ex Parte Application for an Order Authorizing the Retention and Employment of Jordan Hyden Womble Culbreth & Holzer, P.C. as Counsel to the Debtor ("Application"). The Firm is willing to accept employment on the basis set forth in the Application.

3. "I am duly admitted to practice before all courts of the State of Texas, as well as



1

502183 000030 HOUSTON 444894.2

this Court. All the attorneys of the Firm are admitted to practice in this State and before this Court. The Firm's attorneys who will work on this case have substantial experience in bankruptcy cases.

4. "The Firm's practice has a particular emphasis on business bankruptcy cases and its attorneys who will work on this case are experienced in bankruptcy, corporate reorganization and debtor/creditor relations.

### SERVICES TO BE RENDERED

5. "The following non-exclusive list sets forth the services that the Debtors have requested that the Firm render in connection with this Chapter 11 case:

   a. Advising the Debtors of their rights, powers, and duties as Debtor-in-Possession under the Bankruptcy Code;

   b. Advising the Debtors concerning, and assisting in, the negotiation and documentation of financing agreements, debt restructurings, and asset securitization;

   c. Reviewing the nature and validity of agreements relating to the Debtors' interests in real and personal property and advising the Debtors of its corresponding rights and obligations;

   d. Reviewing the nature and validity of liens or claims asserted against the Debtors' property and advising the Debtors concerning the enforceability of those liens and claims;

   e. Advising the Debtors concerning preference, avoidance, recovery, or other actions that they may take to collect and to recover property for the benefit of the estate and its creditors, whether or not arising under Chapter 5 of the Bankruptcy Code;

   f. Preparing on behalf of the Debtors all necessary and appropriate applications, motions, pleadings, draft orders, notices, schedules, and other documents, and reviewing all financial and other reports to be filed in the bankruptcy cases;

   g. Advising the Debtors concerning, and preparing responses to, applications, motions, complaints, pleadings, notices, and other papers that may be filed and served in the bankruptcy case;

2

    h.    Counseling the Debtors in connection with the formulation, negotiation, and promulgation of a plan of reorganization and related documents;

    i.    Performing all other legal services for and on behalf of the Debtors that may be necessary or appropriate in the administration of the bankruptcy case and the Debtors' business;

    j.    Working with and coordinating efforts among other professionals, including co-counsel and other special counsels retained by the Debtors, to attempt to preclude any duplication of effort among those professionals and to guide their efforts in the overall framework of the Debtors' reorganization; and

    k.    Working with professionals retained by other parties in interest in this bankruptcy case to attempt to structure a consensual plan of reorganization for the Debtors.

### PROFESSIONAL COMPENSATION AND STATEMENT PURSUANT TO 11 U.S.C. § 329 AND FED. R. BANKR. P. 2016

6. "No agreement exists to share compensation other than with members of the Firm.

7. "Firm was first contacted concerning possible representation of the Debtors in late February, 2006, and received a retainer of $50,000.00 on or about March 2, 2006, which was deposited into Firm's IOLTA trust account. Firm immediately commenced work to prepare for the bankruptcy filings. On March 7, 2006, Firm issued its invoice to Debtors for $19,520.00 in fees and at that time drew that amount from the retainer. Firm is not a pre petition creditor of the Debtors. As of the Petition Date, the Firm is holding in its IOLTA trust account the remaining retainer of $30,480.00 ("Retainer"). Such funds were property of the Debtors. Subject to approval from the Court, the Retainer will be applied to post-petition fees and expenses incurred in the course of this case. The Firm will draw from the Retainer in accordance with Local Rule 2016 and will seek interim compensation during the case as permitted by Bankruptcy Code § 331. The Firm expects a motion requesting the entry of an administrative order providing for

monthly payment for legal services, subject to final approval by the Court.

8. "Through the fee application process, the Firm will charge the Debtors on an hourly basis in accordance with its ordinary and customary hourly rates for cases of this nature as in effect on the date services are rendered. The following is a list of the Firm professionals who will primarily be providing services for the Debtors, as well as their standard hourly rates:

<u>Attorneys:</u>
| | |
|---|---|
| Shelby A. Jordan | $375/hr. |
| Harlin C. Womble, Jr. | $350/hr |
| Nathaniel Peter Holzer | $300/hr |
| Michael J. Urbis | $250/hr |
| James Michael Evans | $165/hr |

<u>Paralegals</u>
| | |
|---|---|
| Grace Duplessis, C.L.A. | $125hr |
| Barbara Smith | $125/hr |
| Shaun D. Claybourn | $95/hr |
| Brandi Graves | $70/hr |

9. "The Firm will maintain detailed records of costs and expenses incurred in connection with its legal services and these will be set forth in detail as part of the monthly invoice and fee applications. The above-outlined hourly rates are subject to periodic review (usually on an annual basis) to reflect changes in the economy, experience, and other factors. The Firm believes its hourly rates are lower than the prevailing rates for legal services rendered by attorneys of comparable expertise in similar cases in the relevant jurisdiction.

10. "Subject to the Court's approval, the Firm will also seek reimbursement of actual and necessary expenses pursuant to Bankruptcy Code § 330(a), for, among other things, telephone and telecopier toll and other charges, mail and express mail charges, special or hand-delivery charges, photocopying charges ($.10 per page), document processing, travel expenses, as well as non-ordinary overhead expenses such as secretarial overtime. All such expenses shall be within the standards normally enforced by the Bankruptcy Court in the Southern District of

502183 000030 HOUSTON 444894.2

Texas.

## DISINTERESTEDNESS OF PROFESSIONAL

11.     "The Firm does not hold an interest materially adverse to the interest of the Debtors' estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason.  The Firm is not a creditor, an equity security holder, or an insider of the Debtors.  The Firm is not and was not, within two years before the Petition Date, a director, officer, or employee of the Debtors.  The Firm is not and has never been an investment banker for any outstanding security of the Debtor.  The Firm does not and has not represented an investment banker in connection with the offer, sale, or issuance of a security of the Debtor.

12.     "The Firm maintains and operates a computer database of all matters in which the Firm is involved to avoid conflicts of interest and violating applicable rules of professional responsibility.  Based on the conflict searches performed to date, to the best of my knowledge, neither I, the Firm, nor any shareholder or associate thereof, insofar as I have been able to ascertain, has any connection with the Debtors, their creditors or any other parties in interest, or their respective professionals, except as disclosed or otherwise described herein.

13.     "The Firm may have in the past represented, may currently represent, and may in the future represent creditors and other parties in interest of the Debtors in connection with matters unrelated to the Debtors and their Chapter 11 cases.  From time to time, the Firm represents clients who may be creditors of the Debtors or affiliates of such creditors or may represent clients who enter into transactions with creditors of the Debtors or affiliates of such creditors.  Under no circumstances has the Firm agreed to nor will it represent any creditors of the Debtors or affiliates of such creditors in connection with the Debtors' Chapter 11 cases.

5

14.     "The Firm has searched its electronic database for its connection to and relationships with entities in the following categories: Debtors and its affiliates; shareholders of the Debtors; significant creditors and key vendors/suppliers of the Debtors as listed on the Limited Service List prepared by the Thompson & Knight firm; the U.S. Trustee and other persons employed by the office of the U.S. Trustee; and other known parties in interest in this case. Below is a summary of the relationships and connections that the Firm has had with creditors and other parties in interest in matters unrelated to the Debtors:

(a)     The Firm represents Brown Water Marine Service, Inc., a creditor of the Debtors' Estate, in an unrelated matter. The Firm does not and will not represent Brown Water Marine Service, Inc., in connection with this Chapter 11 bankruptcy case.

(b)     One shareholder of the Firm owns 150 shares of creditor Range Resources Corporation. The value of the stock is approximately $4,500.00.

(c)     Firm previously represented TransTexas Gas Corporation and certain of its affiliates in their bankruptcy cases that were filed from 1999 to 2002. Firm no longer represents TransTexas Gas Corporation or any successor entity, but did represent at one time a number of companies with connections to John R. "Jack" Stanley.

(d)     Firm owns a beneficial interest in the Reliant Creditors Trust that it received in exchange for unpaid fees of a former client, TransAmerican Natural Gas Corporation. TransAmerican Natural Gas Corporation had been a creditor in the bankruptcy case that resulted in the formation of the Reliant Creditors Trust.

(e)     Although no actual connection is believed to exist, Firm believes it prudent to disclose that one of its shareholders in his individual capacity is Successor Estate Representative for TransAmerican Refining Corporation under its confirmed

6

502183 000030 HOUSTON 444894.2

liquidating Chapter 11 Plan. TransAmerican Refining Corporation was once a client of the firm and was an affiliate of TransTexas Gas Corporation. Firm represents its shareholder in connection with his duties as Successor Estate Representative. Extensive disclosures were made to the Court in connection with that engagement and are available on Pacer or will be provided by Firm upon request.

15. "The results of this conflict analysis confirm that the Firm is "disinterested" within the meaning of Bankruptcy Code § 101(14). The disclosures made herein are disclosed out of an abundance of caution. Moreover, although we may now represent, or have in the past represented, certain creditors or parties in interest, we will not represent any entity other than the Debtors in connection with these Chapter 11 cases. Furthermore, to the extent the Debtors' interests become adverse to a current client of the Firm in a matter related to these Chapter 11 cases, the Debtors' will utilize local counsel, creditors committee counsel, or alternatively seek court approval to employ and retain special "conflicts" counsel to represent the Debtors in such matters.

16. "The Firm has made an effort, and will continue to make an effort, to set materiality thresholds with respect to its due diligence search with respect to any connections the Firm may have with these creditors and parties in interest in the Debtors' Chapter 11 cases. The Firm periodically will review its files during the pendency of the case to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, the Firm will promptly file a supplemental affidavit.

17. "The foregoing constitutes the statement of the Firm pursuant to Bankruptcy Code §§ 329, 504, and Bankruptcy Rules 2014(a) and 2016(b).

18. "I declare under penalty of perjury that the foregoing is true and correct."

7

502183 000030 HOUSTON 444894.2

FURTHER AFFIANT SAYETH NAUGHT

Executed this 7 day of March, 2006.

                                                             /s/_____
                                                          Nathaniel Peter Holzer, Affiant

SWORN TO and SUBSCRIBED before me by NATHANIEL PETER HOLZER on March __7__, 2006.

                                                            /s/_____
                                                         NOTARY PUBLIC, STATE OF TEXAS

**SEAL**                          Grace Duplessis_____
                                         Name Typed or Printed

                                         My Commission Expires: 12/29/09