Exhibit 12

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| DAVIS PETROLEUM CORP., *et al* | § | CASE NO: 06-20152 |
| Debtor(s) | § | |
| | § | CHAPTER 11 |
| | § | |
| THE NANCY SUE DAVIS TRUST | § | |
| Plaintiff(s) | § | |
| | § | |
| VS. | § | ADVERSARY NO. 06-2062 |
| | § | |
| DAVIS PETROLEUM CORPORATION, | § | 09-22 |
| *et al* | § | |
| Defendant(s) | § | |

## REPORT AND RECOMMENDATION ON MOTION TO WITHDRAW THE REFERENCE OF MOTION FOR REIMBURSEMENT OF EXPENSES

On this day came on for consideration the Motion to Withdraw the Reference of Motion of Red Mountain Capital Partners LLC, RMCP PIV PPV, L.P., and Willem Mesdag (the "Red Mountain Entities") for Reimbursement of Expenses in Connection with Third Party Subpoenas Issued by Plaintiff (the "Motion to Withdraw the Reference"). Pursuant to Rule 5011, Bankruptcy Local Rules, the bankruptcy court issues the following report and recommendation.

### BACKGROUND

Plaintiff in this adversary proceeding sought to revoke the confirmation order entered by this court on allegations of fraud. Discovery took place and this court ultimately granted summary judgment in favor of Defendants, which is presently on appeal. On August 9, 2007, the Red Mountain Entities filed a motion seeking reimbursement of its expenses associated with document production in the Adversary Proceeding. Plaintiff objected to the reimbursement motion. The motion was set for

1 / 4

TRUE COPY I CERTIFY
ATTEST: 1-30-09
MICHAEL N. MILBY, Clerk of Court
By: _____
Deputy Clerk

hearing numerous times during the next year, but was continued. After this court dismissed Plaintiff's lawsuit on summary judgment, Plaintiff moved for withdrawal of the reference of the reimbursement motion. The Motion to Withdraw the Reference was filed August 28, 2008, over one year after the reimbursement motion was filed and four months after Plaintiff appealed the summary judgment.

## DISCUSSION

District Courts may refer to the bankruptcy court all cases under Title 11 and proceedings arising under title 11 or arising in or related to a case under Title 11. 28 U.S.C. §157(b)(1). In the Southern District of Texas, General Order No. 2005-6, *General Order of Reference*, entered March 10, 2005, automatically refers cases to the bankruptcy court.

"The district court may withdraw, in whole or in part, any case or proceeding referred under [section 157], on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. §157(d). Plaintiff seeks withdrawal of the reference to allow the District Court to hear the reimbursement motion at the same time it hears Plaintiff's appeal of the summary judgment.

"Cause" has generally been determined by weighing the factors of whether the underlying lawsuit is core or non-core, judicial economy, uniformity in bankruptcy administration, preserving the parties' resources, forum shopping and avoiding confusion, and whether a party has demanded a jury trial. *Holland American Insurance Co. v. Succession of Roy*, 777 F.2d 992, 999 (5th Cir. 1985). Application of the above factors in this case indicates that the reference should not be withdrawn.

The case at bar invokes this court's core jurisdiction. The adversary proceeding in which the discovery was requested was a core matter. Accordingly, any discovery dispute or request for reimbursement of discovery expenses by a non-party is also a core matter. 28 U.S.C. §157(b)(2)(L) and (O). Moreover, the Red Mountain Entities filed a proof of claim against the Debtors' estate seeking reimbursement of the expenses associated with the production of documents pursuant to the subpoenas. To the extent that the expenses requested in the Motion for Reimbursement are not reimbursed by Plaintiff, the Red Mountain Entities will seek payment from the reorganized Debtor Trust. Therefore, the disposition of the Motion for Reimbursement directly affects property of the estate and is a core matter. 28 U.S.C. §157(b)(2)(A), (B), (C), and (O).

This court is intimately aware of the facts surrounding the Debtor's bankruptcy case, the underlying adversary proceeding, and the discovery dispute between the parties. Therefore, the interests of uniformity, economy and efficiency would be best served if the bankruptcy court adjudicates the Motion for Reimbursement. The Red Mountain Entities should not be prejudiced by having their request for reimbursement linked to an appeal to which they are not parties and which presents distinct issues which are separate from their own dispute with Plaintiff. Moreover, the District Court would have to familiarize itself with the facts of the discovery dispute, which is not at issue in the appeal. Such additional time is a waste of judicial resources and will cause unnecessary delay. Finally, Plaintiff has not demanded a jury trial and does not have a right to a jury trial in connection with the discovery dispute.

## CONCLUSION

For the reasons stated above, the Court respectfully recommends that the Motion to Withdraw the Reference be denied.

Dated: 01/29/2009

*/s/ Richard S. Schmidt*

RICHARD S. SCHMIDT
United States Bankruptcy Judge