

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

ENTERED
10/21/2009

| | | |
|---|---|---|
| IN RE: | § | |
| DAVIS PETROLEUM CORP. | § | CASE NO: 06-20152 |
| and | § | |
| DAVIS OFFSHORE HOLDINGS LLC | § | |
| and | § | |
| DAVIS PETROLEUM CORP., ET AL | § | |
|    Debtor(s) | § | |
| | § | CHAPTER 11 |

## MEMORANDUM OPINION AND ORDER DENYING MOTION FOR LEAVE TO FILE ORIGINAL COMPLAINT

On this day came on for consideration the Motion for Leave to File Original Complaint (the "Motion for Leave"), filed by the Nancy Sue Davis Trust ("Plaintiff" or "NDT"). The Motion was referred to the Bankruptcy Court for resolution by order of the United States District Court dated April 21, 2009, to determine whether Plaintiff's proposed complaint is barred by the terms of the Confirmation Order or Plan of Reorganization. Pursuant to the Order of the District Court, this Court makes the following findings.

### BACKGROUND

The above-captioned bankruptcy case was filed as a "pre-packaged" chapter 11 reorganization on March 7, 2006. The filing was necessitated by a severe liquidity crisis in the debtor's business following the failure to close a sale of the business outside bankruptcy. The failure of that transaction was not the result of any action by NDT. The prior prospective purchaser renegotiated the transaction after the first failed attempt, but required that the sale take place via a bankruptcy filing and at a lower purchase price.

A plan of reorganization (the "Plan") and disclosure statement were filed contemporaneously with the chapter 11 petition. The confirmation hearing was held on March 9, 2006. NDT voted against confirmation but did not object to plan confirmation. NDT and the other interest holders were each separately represented by counsel at the confirmation hearing. No interest holder objected to plan confirmation. No interest holder requested discovery on valuation. No interest holder objected to Gregg Davis keeping his equity.

At the confirmation hearing, the Court specifically inquired whether all interest holders had been parties to the negotiations on the original sale and to the negotiations leading up the prepackaged plan. Thompson & Knight, bankruptcy counsel for the Debtor, assured the Court that they had, with the exception of one interest holder, Patty Davis Raynes (not a party to this action), who was notified at solicitation. The court noted: "but Patty Davis [Raynes] has voted in favor of the plan," to which counsel responded, "And she's voted in favor." The court then gave all interest holders an opportunity to speak: "All right. So now, does anyone on the phone have anything they want to say on the point?" The answer was silence. Except for NDT, all parties, including Davis family counsel, and Barbara Davis, mother of Nancy Sue Davis, urged the Court to confirm the plan in order to salvage some value for the family after the failure to close the original deal placed the company in the predicament that required a bankruptcy filing. The Davis family members were represented by sophisticated counsel from predominately large law firms throughout the negotiation of the original deal, the formulation of the prepackaged plan, and the confirmation hearing.

On March 10, 2006, this court entered an Order Approving Disclosure Statement and Confirming Joint Plan of Reorganization of Davis Petroleum Corp., Davis Offshore, L.P., and Davis Petroleum Pipeline, LLC (the "Confirmation Order"). The Confirmation Order contained findings of fact and conclusions of law, none of which were appealed by any interest holder, including NDT. The Confirmation Order expressly confirmed that the discharge, release, exculpatory and injunctive provisions of the Plan were "fair, equitable, reasonable, and in the best interests of the Debtors, the Reorganized Debtors, and their estates, creditors, and equity holders." These discharge and release provisions were "approved in their entirety and given full effect as of the Effective Date of the Plan." The Confirmation Order was not appealed and is final.

On September 6, 2006, 179 days after the Confirmation Order was entered, NDT filed an action to revoke confirmation (the "Revocation Motion. On April 10, 2008, this court granted summary judgment in favor of the reorganized debtor and all other named parties and against NDT. NDT appealed the summary judgment order. On March 2, 2009, the United States District Court dismissed the appeal as moot and vacated this Court's Summary Judgment Order to prevent its preclusive effect on subsequent litigation.

NDT then filed Plaintiff's Motion for Leave to File Original Complaint in the District Court. On April 21, 2009, the District Court referred the Motion for Leave to this court "for resolution."

## DISCUSSION

In ruling on confirmation of the Plan of Reorganization in this case, this Court made the following findings:

> [T]he uncontroverted facts are that this is a company that needs help. This is a company that, if it were liquidated, would be under water, would be insolvent, would not pay money, would not even pay out all its unsecured claims, that a deal has been done that has the potential of $31 million to its equity holders, that … 91.2 percent of its equity holders have signed off on the plan, and none of the equity holders have objected to the plan. And that the plan does in fact provide for ways of paying adequately all of the claims and sets out all the appropriate … vehicles for doing all of that, that the notice that was given was short, but it was effective, that there [are] good, valid reasons for moving forward on an expedited basis, as we are doing[,] that all of the parties to this transaction that will be affected are sophisticated people who at least are represented by competent counsel and having been informed of everything that's being done, and that this plan meets the provisions of 1129, and it should be confirmed.
>
> - - Conf. Tr. 81-83

This court confirmed the Plan. The Order was not appealed and is final. The Order of Confirmation entered March 10, 2006 (the "Confirmation Order"), found that "[p]ursuant to Section 1123(b)(3) of the Bankruptcy Code and Bankruptcy Rule 9019(a), the limited mutual releases, discharges, exculpations, and injunctions set forth in the Plan shall be, and hereby are, approved as fair, equitable, reasonable, and in the best interests of the Debtors, the Reorganized Debtors, and their Estates, creditors, and equity holders. The failure to effect the discharge, release, exculpatory and injunctive provisions of the Plan would seriously impair the Debtors' ability to confirm the Plan." (Confirmation Order at ¶11, p. 6). The Confirmation Order went on to find that "[e]xcept to the extent expressly assumed under the Plan, the Reorganized Debtors, the Buyer Parties, and Evercore Capital Partners II LP shall not be liable as a successor or otherwise for any claim or

cause of action arising prior to the Effective Date of the Plan." (Confirmation Order at ¶31, p. 11).

The Court further ordered that "[n]one of the Debtors, the Debtors' directors, officers, employees, equity holders, members, agents, advisors, accountants, financial advisors, consultants, attorneys, and other representatives shall have or incur any liability to any holder of a claim or equity interest that arose before the Effective Date of the Plan for any act, event, or omission in connection with, or arising out of, these Chapter 11 Cases, or in connection with the confirmation of the Plan, the consummation of the Plan, or the administration of the Plan or the property to be distributed under the Plan, and shall be entitled to the rights, benefits and protections of Section 1125(e) of the Bankruptcy Code." (Confirmation Order at ¶10, p. 15). Moreover, this court issued a permanent injunction against the taking of any action on any discharged claim. (Confirmation Order at ¶13, p. 16-17).

In keeping with the fundamental policy promoting the finality of chapter 11 proceedings, it is axiomatic that *res judicata* bars any and all actions seeking to collaterally attack the Confirmation Order on grounds other than fraud in its procurement. See 8 COLLIER ON BANKRUPTCY ¶1141.02, at 11 ("in the absence of an allegation of fraud in obtaining the judgment, the Supreme Court held that the doctrine of res judicata applies[s] with respect to matters that are covered by a plan of reorganization confirmed by final order of a bankruptcy court." citing *Stoll v. Gottlieb*, 305 U.S. 165, 171-72 (1938)). Although its ruling on Plaintiff's Section 1144 revocation action was vacated by the District Court, this court, after an exhaustive review of the record, previously held that there was no fraud in the procurement of the Confirmation Order.

Plaintiff's current iteration of the same cause of action is equally meritless and should not be allowed. Plaintiff's complaint is an improper collateral attack on the Confirmation Order. *Pratt v. Ventas, Inc.,* 273 B.R. 108, 116 (W.D.Ky. 2002), *aff'd* 365 F.3d 514 (6th Cir. 2004). The allegations in the complaint relate to conduct that occurred prior to the Confirmation Order and prior to or on the Effective Date. The Confirmation Order is a final order that was never appealed. Absent an appeal, the only other mechanism to obtain relief from the confirmation order is an 1144 action to revoke confirmation, which has been held moot by the District Court. Moreover, this court ruled that the subject transactions which now form the basis of Plaintiff's claims were fully disclosed and were the product of extensive arms-length negotiations and dealings and that there was no evidence of any fraud or misrepresentation by any party.

Plaintiff's argument that the release, exculpation and injunction provisions (the "Release Provisions") in the Confirmation Order and the Plan do not apply to claims that arise on the Effective Date of the Plan is not supported by the Confirmation Order and the Plan. The Release Provisions in the Confirmation Order apply to claims and causes of action that arose (i) prior to the Effective Date and (ii) as of (or on) the Effective Date, and any cause of action so released is prohibited from being asserted after the Effective Date. No other interpretation makes sense, especially considering the language of the Plan. The court finds that the Release Provisions apply to the claims asserted by the Plaintiff in the proposed complaint.

Finally, the court finds that the broader release provisions contained in the Confirmation Order control over the more restrictive ones found in the Plan. When there is an inconsistency between the plan and the confirmation order, the language of the

order must prevail over the language of the plan. *In re Reisher*, 149 B.R. 372, 374 (Bankr. M.D.Pa. 1992); *In re Forklift LP Corp*., 363 B.R. 388, 396 (Bankr. D.Del. 2007); *In re Sugarhouse Realty, Inc*., 192 B.R. 355, 367 (E.D. Pa. 1996).

The Supreme Court recently considered a collateral attack on a final bankruptcy court order involving a channeling injunction in *Travelers Indemnity Co. v. Bailey*, ___ U.S. ___, 129 S.Ct. 2195 (2009). *Travelers* involved an appeal of a Bankruptcy Court's order interpreting its prior order entered in 1986. In interpreting its prior order, the Bankruptcy Court held that the injunction contained in its 1986 order prohibited direct actions against Travelers. The District Court affirmed, but the Second Circuit Court of Appeals reversed, holding that the Bankruptcy Court exceeded its jurisdiction in its 1986 order. The Supreme Court disagreed and held "that it was error for the Court of Appeals to reevaluate the Bankruptcy Court's exercise of jurisdiction in 1986." *Id*. at 2205. The Supreme Court noted that the 1986 order was subject to direct appeal and no challenge to jurisdiction was raised. The jurisdiction question was not raised until some 20 years later. In holding that even subject matter jurisdiction may not be collaterally attacked, the Supreme Court found that "once the 1986 Orders became final on direct review (whether or not proper exercises of bankruptcy court jurisdiction and power), they became res judicata to the parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." *Id* at 2205-06 (citations omitted). The Supreme Court overturned the Court of Appeals review of jurisdiction, holding that "this sort of collateral attack cannot be squared with res judicata and the practical necessity served by that rule." *Id.* at 2206.

The Supreme Court in *Travelers* held that the Bankruptcy Court had jurisdiction to interpret and enforce its 1986 order. *Id.* at 2205 ("the Bankruptcy Court plainly had jurisdiction to interpret and enforce its own prior orders."). This court also has jurisdiction to interpret and enforce its Confirmation Order. "[A] bankruptcy court's interpretation of its own confirmation order is entitled to substantial deference." *Id.* at 2204, fn.4 (citations omitted). Here, as in *Travelers*, Plaintiff asks this court to interpret its prior, final order, in such a way to allow Plaintiff to pursue claims against parties who obtained releases in the context of plan confirmation. The court finds that causes of action plead in Plaintiff's proposed complaint were released in the Confirmation Order and Plan and the injunctions contained therein bar Plaintiff's lawsuit. "It is just as important that there should be a place to end as that there should be a place to begin litigation." *Stoll v. Gottlieb*, 305 U.S. at 172 (1938).

## CONCLUSION

For the reasons set forth above, the court finds that all of the claims in the proposed complaint for which Plaintiff seeks leave to file are barred by the Release Provisions and the permanent injunction contained in the Confirmation Order. Plaintiff's repeated attempts to relitigate confirmation of the Plan must now end. Accordingly, the Motion for Leave to File Original Complaint should be denied.

It is therefore ORDERED that the Motion for Leave to File Original Complaint is hereby DENIED.

Dated:10/21/2009

*[signature]*

_____
RICHARD S. SCHMIDT
United States Bankruptcy Judge